HAMRICK v. BALFOUR QUARRY CO.

(Filed April 7, 1903.)

NEGLIGENCE—*Contributory Negligence—Personal Injuries—Assumption of Risk.*

> Where an employee undertakes to do something which it is not his duty to do, he thereby assumes the risk.

ACTION by Samuel Hamrick against the Balfour Quarry Company, heard by Judge *W. S. O'B. Robinson* and a jury, at October Term, 1902, of the Superior Court of UNION County. From a judgment for the plaintiff, the defendant appealed.

*Redwine & Stack,* for the plaintiff.
*Julius C. Martin,* for the defendant.

CLARK, C. J. The plaintiff was engaged to drill holes in defendant's rock quarry and had been in such employment several months. His evidence is that on the day of the injury complained of he was told by the foreman to go to a place near the center of the quarry and drill rock there; that after drilling two holes he found a hole nearby which was filled up; it proved to be loaded, but had no fuse in it to indicate that it was, and supposing the hole was not loaded he took a piece of steel eighteen inches long and a hammer weighing three and a half pounds and began to drill in it when the load went off, injuring the plaintiff. It was in evidence by the defendant's foreman that all the men were instructed not to scrape out any hole which had been loaded and which had failed to-explode; that he had another man (Johnson) employed especially for that purpose, and if he was not there the foreman did that work himself; that he never instructed the plaintiff to scrape out a hole and never knew him to scrape out one.

By the plaintiff's own evidence he was sent there to drill

rock and there being evidence tending to show that, contrary to instructions, he attempted to drill out a hole previously drilled, which proved to be loaded, it was error to charge "the whole case depends upon whether the plaintiff reasonably supposed the hole was not loaded, and if he did he can recover." This made the case turn solely upon the question whether the plaintiff was guilty of contributory negligence, leaving out of view entirely the primary question whether the defendant was guilty of negligence. If the plaintiff was injured in attempting to drill out a filled up hole which he was not ordered to do, or was prohibited from doing, another man being employed for that work, there was no negligence on the part of the defendant. If the plaintiff volunteered to drill out such hole, the fact whether he reasonably supposed that it was not loaded is not the sole question in the case. The court should have given the sixth prayer for instructions, "If you find that the plaintiff undertook to do something which it was not his duty to do, then he assumed all risk in that undertaking, and in that case, if you believe the evidence you should find the first issue 'No'." In failing to so instruct the jury there was

Error.